WEIR *v.* BOREN, et al.

Apr. 27, 1953

No. 38736          29 Adv. S. 50          64 So. 2d 342

*Cason Rankin,* for appellant.

*Noel Monaghan* and *C. R. Bolton,* for appellees.

McGEHEE, C. J.

The decree appealed from herein was rendered on May 28, 1952, ordering the foreclosure in chancery of a deed of trust by the substituted trustee therein for the payment and satisfaction of an indebtedness of $121.49 owing as fire insurance premiums and adjudged by the court to be past due from the appellant, H. S. Weir, unto the appellees, C. C. Boren, Sr. and C. C. Boren, Jr. The decree authorizes and directs the sale of "One Lot and Theatre Building located in the N. W. ¼, Section 21, Township 8, Range 6 East, Block 13, in the Town of Saltillo, Lee County, Mississippi," together with certain personal property belonging to the theatre and located in said building, particularly describing such personal property.

The chancellor rendered a written opinion in the cause, which is a part of the record before us, and he therein allowed the appellant a period of thirty days within which to pay the amount of insurance premiums in arrears and the cost of the suit, but this period of grace is not provided for in the decree appealed from. At any rate, the appellant perfected his appeal from the decree with supersedeas before any attempted execution thereof was undertaken.

On November 18, 1948, the appellant, H. S. Weir, purchased the lot and theatre building, together with the personal property contained in the building at and for a consideration of $15,000. He then paid one-half of the

consideration in cash, assumed a certain indebtedness of $2,300, and executed his promissory note in favor of the appellees, payable at the rate of $50 per month or $600 per annum and bearing six per cent interest per annum after date.

The deed of conveyance, describing the property in the manner aforesaid, was signed "C. C. Boren & Son By Charles C. Boren, Jr.," instead of by each of the members of the partnership of C. C. Boren & Son. The appellant executed and delivered to his grantors, on the same date, a deed of trust, naming J. H. Wade as trustee therein, to secure the payment of the note of $3,200, and describing the property in the same manner as hereinbefore set forth. Later, a substituted trustee was appointed and the appointment was noted of record in the manner required by law prior to the filing of this suit by the appellees to foreclose the deed of trust.

The deed of trust obligated the grantor therein "to keep the improvements thereon fully insured in acceptable companies against loss by tornado and fire, payable in the event of loss to the owner, or owners of said indebtedness as their interest may appear." The deed of trust further provided that a failure of the grantor to comply with any of the provisions thereof would entitle the holder or holders of the indebtedness to declare any unpaid balance thereof to be immediately due and payable and to foreclose on the property for the payment and satisfaction thereof. The grantor became in default in the matter of keeping the property insured, and with the result that it became necessary for the beneficiaries in the deed of trust to cause the same to be insured at their own expense. Written demand was made upon the appellant to reimburse the appellees for the insurance premiums paid out by them but the appellant failed to comply with such demand.

The proof further discloses that the appellees caused a corrected deed of conveyance to be prepared and offered to execute and deliver the same to the appellant if

he would execute a corrected deed of trust in their favor on the property. The instruments were prepared by the attorney for the appellees at their expense but the appellant was unwilling to execute a corrected deed of trust. He sought to defend the suit to foreclose the deed of trust for a balance of $2,000 still owing on the purchase price of the property and for the insurance premiums paid out by the appellees, on the ground that (1) there had been a breach of warranty in the conveyance of the property to him in that the deed was signed "C. C. Boren & Son By Charles C. Boren, Jr." instead of by the individual members of the said partnership; and (2) that the grantors in the deed had failed to affix thereto $16.50 of U. S. Revenue Stamps required by law; and for those reasons the appellant sought by means of a cross bill to recover the $13,000 theretofore paid on the purchase price of the property and to have the $3,200 note cancelled as to the balance claimed to be due thereon. The cross-defendants again offered to execute a proper and correct deed of conveyance and to reimburse the appellant for the cost of the revenue stamps which he had affixed to the deed.

The trial court in its decree credited the amount due on the insurance premiums with the said sum of $16.50 and required the appellant to pay only such part of the insurance premiums as he was due to pay for the period during which the property was insured at the expense of the appellees after he purchased the same.

The decree appealed from did not assess the appellant with the attorney fee sued for on the remainder of the purchase price but permitted the appellant to pay the annual installment of $600 on the note which became due during the progress of the litigation, and ordered that the property be sold only on condition that the appellant failed to pay the $121.49 due the appellees as reimbursement for fire insurance premiums paid by them, which the appellant was obligated to pay.

Appellant, as purchaser of the property, went into the possession and control of the building and premises at the time the conveyance was executed to him, and has not been molested in such possession and use of the property. He did not plead a breach of warranty on the ground that the description in the deed to him amounted to an insufficient description of the property. Then, too, the chancellor found that he was not entitled to relief under his cross bill, and evidently for the reason that the appellees had offered to execute a corrected deed as to the description and as to the manner of signing the same, and had agreed to reimburse the appellant for the revenue stamps purchased for the deed.

We are of the opinion that the decision of the chancellor was correct on the issues presented, and that the appellees are entitled to sell at foreclosure whatever interest, legal or equitable, that the appellant may have in the property for the payment and satisfaction of the indebtedness now in arrears, together with the cost of this litigation, unless the same is paid as required by the decree appealed from.

Affirmed and remanded.

*Hall, Holmes, Arrington* and *Lotterhos, JJ.,* concur.